# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | **C. C. A. NO. 02C01-9806-CC-00178** |
| | ) | |
| vs. | ) | **HARDIN COUNTY** |
| | ) | |
| **CHARLES PORTER,** | ) | **No. 7035** |
| | ) | |
| Appellant. | ) | |

**FILED**

**February 3, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant is appealing the trial court's revocation of his probation. On September 1, 1993, the appellant was convicted of robbery and sentenced to four years imprisonment. This Court affirmed on appeal. State v. Porter, No. 02C01-9310-CC-00252 (Tenn. Crim. App., Oct. 19, 1994). On June 12, 1995, the appellant was placed on probation. A probation violation warrant was subsequently issued.

After a hearing on the probation violation on May 14, 1998, the trial court found that the appellant 1) failed to report to his probation officer, 2) failed to report new arrests for possession of a weapon and possession of marijuana, 3) failed to appear in court on these new charges, and 4) absconded from the state. The appellant, his mother, and his probation officer testified at the hearing.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. § 40-35-311(e). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a de novo standard. State v.

<u>Harkins</u>, 811 S.W.2d 79 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. <u>Id.</u>; <u>State v. Gregory</u>, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. <u>Gregory</u>, 946 S.W.2d at 832; <u>State v. Leach</u>, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

On appeal, the appellant contends only that the trial court abused its discretion in revoking his probation. Having reviewed the record in light of the appellant's argument, we find that the evidence fully supports the trial court's action. The appellant has simply failed to show how the trial court abused its discretion.

Accordingly, the state's motion is granted. It is hereby ORDERED that the judgement of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be assessed to the appellant.

_____
JOHN EVERETT WILLIAMS, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE

2